

# IN THE
# TENTH COURT OF APPEALS

### No. 10-11-00104-CR

**JOSHUA ERIC BILL,**

                                                    **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                    **Appellee**

---

**From the 40th District Court
Ellis County, Texas
Trial Court No. 34206CR**

---

## MEMORANDUM  OPINION

---

Joshua Eric Bill pleaded guilty to the offense of possession of a controlled substance with the intent to deliver.  The trial court convicted Bill and assessed his punishment at 10 years confinement and a $2,000 fine.  The trial court suspended imposition of the confinement portion of the sentence and placed Bill on community supervision for 10 years.  The State filed a motion to revoke alleging ten violations of the terms and conditions of community supervision.  After a hearing on the motion, the

trial court found four of the alleged violations to be true, revoked Bill's community supervision, and sentenced him to 10 years confinement and a $2,000 fine. We affirm.

In the first issue, Bill argues that the evidence is insufficient to support the trial court's decision to revoke his community supervision. We review an order revoking community supervision under an abuse of discretion standard. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984). In a revocation proceeding, the State must prove by a preponderance of the evidence that the defendant violated the terms and conditions of community supervision. *Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993). The trial court is the sole judge of the credibility of the witnesses and the weight to be given their testimony, and we review the evidence in the light most favorable to the trial court's ruling. *Cardona v. State*, 665 S.W.2d at 493. Proof by a preponderance of the evidence of any one of the alleged violations of the conditions of community supervision is sufficient to support a revocation order. *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980); *Sanchez v. State*, 603 S.W.2d 869, 871 (Tex. Crim. App. [Panel Op.] 1980).

The trial court found that Bill violated the terms and conditions of his community supervision by committing an offense against the laws of the State of Texas, failing to pay the monthly supervision fee, failing to pay required fees to the Ellis County Community Supervision and Corrections Department, and failing to complete a Drug Offender Program. Chris Jones, an adult probation officer in Dallas County, testified that he supervised Bill and that Bill had not completed a drug offender

education course.  Jones further testified that Bill had not paid the required fees to Ellis County.  Jimmy Smith, with the Ellis County Community Supervision Department, testified that Bill was delinquent in his required fees to Ellis County and that Bill had not completed a required drug offender education program.  The State proved by a preponderance of the evidence that Bill violated the conditions of his community supervision.  The trial court did not abuse its discretion in revoking Bill's community supervision.  We overrule Bill's first issue.

In his second issue, Bill complains about an illegal search of his vehicle.  In the motion to revoke, the State alleged that Bill violated the terms and conditions of his community supervision by committing an offense against the laws of the State of Texas, possessing a controlled substance.  At the hearing, the State offered evidence that officers conducted a traffic stop of Bill that resulted in his arrest for outstanding warrants.  The arresting officer conducted an inventory search of Bill's vehicle where he found a controlled substance.  Bill complains that the search was illegal.  The State proved by a preponderance of the evidence that Bill violated the terms and conditions of his community supervision by failing to complete a drug offender education course and by failing to pay the required fees.  Because proof of one violation is sufficient to support a revocation order, we need not address Bill's second issue.  TEX. R. APP. P. 47.1.

We affirm the trial court's judgment.

                                        AL SCOGGINS
                                        Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Affirmed
Opinion delivered and filed November 2, 2011
Do not publish
[CR25]